**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANET B. DAUPHIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10741** |
| **STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** | **SECTION "S" (3)** |

**ORDER AND REASONS**

Before the Court is an application for appointment of counsel pursuant to 42 U.S.C. 2000e-5(f)(1) filed by pro se plaintiff, Janet B. Dauphin ("Dauphin"). Plaintiff is currently and was at all pertinent times employed by the State of Louisiana's Department of Public Safety and Corrections as a Probation/Parole Supervisor. Plaintiff's EEOC charge alleges that she is a victim of Age Discrimination.[1] However, the centerpiece of the captioned litigation is the plaintiff's "irrevocable election" of October 3, 1985 to remain in the primary component of the state employee's retirement system. More particularly, upon her transfer from DHHR to the Department of Public Safety and Corrections (DPSC) in October of 1985, plaintiff elected to remain in the primary component of Louisiana State Employees Retirement System (LASERS) under which she contributes 7% for retirement at 30 years of service. Concomitantly, plaintiff then declined the offer to participate in the secondary component available to some public safety employees, under which a participant contributes 9% for retirement at 20 years of service. Plaintiff's EEOC charge was that her employer violated the Age Discrimination in Employment Act of 1967 by denying her the opportunity at age 50 to elect a new retirement plan, which has only been offered to persons not within the protected age group.

[1]*See* EEOC Charge No. 270-2005-04528 dated June 21, 2005 (Rec. Doc. No. 1/page 7).

On December 28, 2006, the undersigned Magistrate Judge conducted a telephone hearing on plaintiff's request for appointment of counsel, following which the matter was taken under advisement. The Court, having considered the premises, DENIES petitioner's application for appointment of counsel for the following reasons.

The Court's power to "appoint counsel" is derived from Title VII. Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case.[2] Unlike a criminal defendant, an indigent civil rights litigant, even if incarcerated, does not have a right to appointed counsel absent "exceptional circumstances."[3] Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case.[4] The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice.[5] The plaintiff bears the burden of persuasion as to the *necessity* of such an appointment.[6]

The evidence which must be adduced includes the plaintiff's indigence and efforts made by the plaintiff to secure counsel; however, these are bare minimum *threshold* considerations. In this case, plaintiff is admittedly not indigent. She remains employed by the DPSC making approximately

---

[2] *See Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977).

[3] *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir.1997)*; Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Systems Protection Board*, 2002 WL 1216023 (E. D. La.) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J.).

[4] *See Salmon v. Corpus Christi Independent School District*, 911 F.2d 1165, 1166 (5th Cir. 1990).

[5] *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon v. Corpus Christi Independent School Dist*., 911 F.2d 1165, 1166 (5th Cir.1990).

[6] *See Caston*, 556 F.2d at 1310.

$50,000.00 annually. Nevertheless, Dauphin testified that she has encountered some problems in retaining counsel to represent her in this matter. Four or more attorney's contacted through the Louisiana Lawyer Referral Service have refused to handle her case. Plaintiff testified that she would continue to seek counsel and will proceed to have this case served upon the defendant. Even assuming that plaintiff had exhausted all avenues in her effort to retain counsel, this Court is not convinced that the plaintiff's situation justifies the special benefit of having counsel appointed to represent her.

In making this determination, the undersigned has considered all of the following factors: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting her case adequately; (c) whether she is in a position to investigate her case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.[7] The court should also consider whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case.[8]

As to the complexity of the age discrimination claim brought by the plaintiff, the Court notes that the plaintiff's age discrimination claim was presented to the EEOC and plaintiff was a direct participant in the circumstances that form the basis of her EEO complaint. It is difficult to determine at this early stage of the proceeding either that cross-examination of witnesses will be required or that the case is susceptible of summary disposition.

The Court recognizes that every litigant benefits by having an attorney. However, the burden

---

[7]*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213.

[8]*Id.*

is on the plaintiff to demonstrate that, unique from other *pro se* litigants, she will have particular difficulty in investigating and presenting her case, such that her situation justifies the special benefit of having counsel appointed to represent her. Plaintiff has a college degree from Dillard University and has worked as a supervising probation/parole officer for twenty-seven years. Plaintiff has failed to make the requisite showing.

For reasons set forth above, the Court finds that this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the court with presentation of the issues. Rather, on balance, the factors set forth above weigh against granting plaintiff's application for the appointment of counsel at this stage of the proceedings. Accordingly,

**IT IS ORDERED** that Janet B. Dauphin's application for appointment of counsel is DENIED.

**OBJECTIONS**

Plaintiff may file objections to the undersigned magistrate judge's findings. However, any such objections must be filed within ten (10) days of the date that this order is entered, excluding weekends and holidays. Additionally, plaintiff's objections must be: (1) specific, (2) in writing, and (3) served within ten days after being served with a copy of this order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). Plaintiff's failure to object will bar him from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the unobjected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 29th day of December, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**