UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANET B. DAUPHIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10741** |
| **STATE OF LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** | **SECTION "S" (3)** |

## ORDER AND REASONS

**IT IS ORDERED** that defendant's motion to dismiss for failure to serve process within 120 days and/or for improper and/or insufficient service of process is **DENIED.** The alternative motion for a more definite statement (Rec. Doc. 15) is **DENIED AS MOOT**.

## BACKGROUND

On December 1, 2006, plaintiff, Janet B. Dauphin, filed a complaint against the State of Louisiana Department of Public Safety and Corrections ("LA DPS&C"). Dauphin's complaint consists of an unsigned, undated letter to sent to Dauphin by the U.S. Equal Employment Opportunity Commission ("EEOC"); an EEOC dismissal and notice of rights; a letter to the EEOC from Dauphin; an October 25, 2006 letter to Dauphin from the EEOC; a request for judgment

1

against LA DPS&C, allowing Dauphin to transfer to the Department of Corrections' retirement plan for probation officers; and information regarding the Louisiana State Employee's Retirement System ("LASERS"). LA DPS&C has filed a motion to dismiss for failure to serve process within 120 days and/or for improper and/or insufficient service of process, and in the alternative, a motion for a more definite statement. In response, Dauphin filed an complaint attempting to more fully detail her claims.[1]

## **LAW AND ANALYSIS**

LA DPS &C argues that dismissal is required because service was not made within 120 days from the filing of the complaint and service was improper and/or insufficient. On April 11, 2007, this Court ordered Dauphin to show cause within 30 days why service had not been effected. On May 10, 2007, Dauphin signed a Notice of Lawsuit and Request for Waiver of Service of Summons indicating that the request was sent to Simon Gonsolin on April 30, 2007.

LA DPS &C argues that Gonsolin is the Deputy Secretary of the State of Louisiana Department of Public Safety and Corrections Youth Services Office of Youth Development and is not the proper party to be served for the State under Louisiana Revised Statute § 13:5107(A). LA DPS &C contends that dismissal of this case is proper because although Dauphin attempted to serve LA DPS &C via the waiver method, the document did not conform to the federal notice and request for waiver method because there was no prepaid means for defendant to respond and there was only one copy of the notice form. Moreover, LA DPS &C argues that the complaint was not timely served. LA DPS &C acknowledges that Dauphin filed an amended complaint in July 2007 and requested service of the summons, complaint, and amended complaint on the State of Louisiana, LA

---

[1] LA DPS&C acknowledges that its argument for a more definite statement is moot because of the amended complaint filed by Dauphin on July 13, 2007.

DPS &C, and LASERS. On August 10, 2007 the summons were returned executed as to all three entities.

Proper service was effected on the LA DPS &C by Dauphin, although not within the 120 days required by Federal Rule of Civil Procedure 4(m).

Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time of service for an appropriate period.

Under Rule 4(m), this Court has discretion to extend the time for service for good cause shown. This Court finds that Dauphin's good faith attempt to serve LA DPS&C in May 2007; defendant's actual notice of the suit; and Dauphin's proper service on LA DPS&C in August 2007 are sufficient for a finding of good cause to extend the time for service. Moreover, this Court finds that the LA DPS&C has not suffered prejudice in its ability to defend this action because of the delay in service. Therefore, the motion to dismiss is denied.

## CONCLUSION

Defendant's motion to dismiss for failure to serve process within 120 days and/or for improper and/or insufficient service of process is denied. The alternative motion for a more definite statement is denied as moot.

New Orleans, Louisiana, this __17th__ day of September, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**