UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANET B. DAUPHIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-10741** |
| **STATE OF LOUISIANA**<br>**DEPARTMENT OF PUBLIC SAFETY**<br>**AND CORRECTIONS** | **SECTION: "S" (3)** |

## ORDER AND REASONS

Before the court is a Motion to Dismiss Case (Doc. #31) filed by defendants, the Louisiana State Employees Retirement System ("LASERS"), State of Louisiana, Department of Corrections ("Department of Corrections") and the State of Louisiana ("State") (collectively, "Defendants") which seeks dismissal of the plaintiff's case against them under Fed. R. Civ. P. 12(b)(1, 2, 3, and 6). Additionally, the Department of Corrections filed a Motion for Reconsideration on Order on Motion to Dismiss (Doc. #29). Plaintiff Janet B. Dauphin, proceeding *pro se,* opposes both motions. The court GRANTS Defendants' Motion to Dismiss Case. The Motion for Reconsideration on Order on Motion to Dismiss is MOOT.

## BACKGROUND

On December 1, 2006, Plaintiff, Janet B. Dauphin, an employee of the Department of Corrections, filed suit for employment discrimination. Her initial Complaint was filed against only the Department of Corrections and consisted of the attachment of various documents to and from the Equal Employment Opportunity Commission ("EEOC"), including Plaintiff's June 21, 2005, Charge of Discrimination against the Department of Corrections, alleging that she was improperly discriminated against due to her age when she was denied an opportunity to elect a different retirement plan which was not offered to individuals 40 years of age or over. Also, attached is the EEOC's September 28, 2006, Dismissal and Notice of Rights as to the claim against the Department of Corrections. The plaintiff does not allege or document that she filed with the EEOC charges of discrimination against LASERS or the State.

On June 28, 2007, the State moved to dismiss for failure to serve or alternatively, for a more definite statement. On July 13, 2007, Plaintiff filed a "Petition" wherein she alleges her case with more particularity, and specifically names Corrections, LASERS and the State of Louisiana as defendants.[1] On August 10, 2007, Defendants were served with the initial Complaint and the later "Petition." On September 17, 2007, this court denied the State's motion to dismiss for failure to serve, and denied as moot the State's alternative motion for a more definite statement.

On September 24, 2007, the Department of Corrections moved for reconsideration of this court's denial on the motion to dismiss for failure to serve, essentially rearguing that service was

---

[1] The court construes Dauphin's "Petition" as an amended complaint.

untimely, and that Plaintiff still has not given good cause for the delay. On October 1, 2007, the Defendants moved to dismiss under Rule 12(b)(1, 2, 3 and 6), alleging, among other things, that this court lacks personal and subject matter jurisdiction due to sovereign immunity, that this court is not the proper venue for this dispute and that Plaintiff has failed to state a cause a cause of action upon which relief can be granted.

According to Dauphin's Charge of Discrimination in her Complaint and "Petition": In 1977, she began working for the City of New Orleans as a Probation Officer in a city department which in 1979 became part of the State of Louisiana, Department of Health and Human Resources. In 1985, her position was moved to the State of Louisiana, Department of Public Safety and Corrections. Also in 1985, she elected to remain within the regular Louisiana State Retirement System, instead of the retirement system for the Department of Corrections. In 1999, her duties changed such that for the first time she was required to carry mace, a gun and handcuffs, to wear a bullet proof vest and to undergo police training. In 2001, the Department of Corrections changed its retirement plan (presumably a favorable plan to Dauphin), and that Dauphin alleges that since that date, she has been denied an opportunity to choose this plan. The plaintiff maintains that the change to more hazardous duties qualified her for the retirement system of the Department of Corrections. The plaintiff claims , without mentioning ages, that similar employees have been allowed to move from one retirement system to the other without being penalized for an earlier choice of retirement systems.[2] Specifically, plaintiff wants to be allowed to join the retirement system for the Department

---

[2] Plaintiff also does not mention her age in the "Petition," although her Charge of Discrimination states that her birth date is December 15, 1954.

of Corrections, effective January 1, 1999, where the benefits are more favorable to her.

## ANALYSIS

Because Dauphin is proceeding *pro se*, the court must construe her pleadings liberally.[3]  As such, the court has discerned that Dauphin is attempting to find relief under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.*[4] and under the Equal Pay Act ("EPA"), 29 U.S.C. §206(d) *et seq.*[5]

Defendants' Motion to Dismiss Case seeks dismissal of the plaintiff's case, *inter alia*, under Fed. R. Civ. P. 12(b)(6).  When considering such a motion, the court must liberally construe the allegations in the complaint in favor of the plaintiff and accept all pleaded facts as true.[6]  To survive a Rule(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7]  Further, for these motions, "pro se complaints are held to less stringent

---

[3]*Reece v. Countrywide Home Loans*, 2007 WL 2909575 (5th Cir. 2007)(liberal construction of *pro se* plaintiff's pleadings in race discrimination case).  *See also Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

[4]While Defendants' memorandum in support refers to Title VII and ADEA interchangeably, there is no indication that the plaintiff has alleged any claims under Title VII in the initial Complaint or her later filed "Petition."

[5]While Defendants' Motion to Dismiss Case addresses the plaintiff's ADEA claim, the motion does not mention Dauphin's EPA claim.  Notwithstanding, since defendants' motion seek the dismissal of the plaintiff's entire case, the court will address this claim as well *sua sponte*.  The court notes that plaintiff has had an opportunity to amend her complaint and has provided written opposition.  "Even if a party does not make a formal motion, the court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair."  5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1357, at 301 (2d ed. 1990).

[6]*Bell Atl. Corp. V. Twombly,* __ U.S. ___, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *In Re: Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007); *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), *cert den.*, 537 U.S. 1200 (2003), and cases cited therein.

[7]*In Re: Katrina*, 495 F.3d at 205.

standards than formal pleadings drafted by lawyers."[8]  However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.[9]

*The Age Discrimination in Employment Act Claim*

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §623(a)(1).  However, the Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment to the United States Constitution bars an individual from suing a state in federal court unless Congress has clearly and validly abrogated the state sovereign immunity or unless the state consents to suit.[10]  Further, the scope of the immunity provided by the Eleventh Amendment "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state."[11]

In 2000, the United States Supreme Court held that the ADEA does not abrogate the states'

---

[8] *Taylor v. Book A Million*, 296 F.3d 376, 378 (5th Cir. 2002) (*citing Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[9] *Taylor*, 296 F.3d at 378, and cases cited therein.

[10] *Perez v. Region 20 Educ. Serv. Ctr.,* 307 F.3d 318, 326 (5th Cir. 2002).

[11] *Perez*, 307 F.3d at 326 (*citing Vogt v. Board of Comm'rs*, 294 F.3d 684, 688-89 (5th Cir. 2002)).  The court notes that the Fifth Circuit has held in other situations, that the Department of Corrections has sovereign immunity as an agency of the state of Louisiana.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th 1999).

Eleventh Amendment immunity from suit by private individuals.[12] Thus, Dauphin has no suit against her employer under the ADEA unless there has been a waiver of state immunity. A state waives Eleventh Amendment immunity "either if (1) the state voluntarily invokes federal court jurisdiction, or (2) the state makes a clear declaration that it intends to submit itself to federal court jurisdiction."[13] Neither situation applies here. Hence, even assuming the plaintiff's allegations to be true as the court must do when deciding a Rule 12(b)(6) motion, the plaintiff's complaint and the later "Petition" allege no facts upon which relief can be granted under the ADEA against these defendants because the immunity provided by the Eleventh Amendment bars the plaintiff's claims against the State, the Department of Corrections and LASERS.[14]

*The Equal Pay Act Claim*

Unlike the ADEA, the states do not have immunity under the Eleventh Amendment from an

---

[12]*Kimel v. Florida Board of Regents*, 528 U.S. 62, 120 S.Ct. 631, 145 L. Ed. 2d 522 (2000).

[13]*Meyers ex rel Benzing v. Texas*, 410 F.3d 235, 241 (5th Cir. 2005), *cert den.*, 127 S.Ct. 2126 (2007). *See also Sullivan v. University of Texas Health Science Center at Houston Dental Branch*, 217 Fed. Appx. 391, 393 (5th Cir. 2007)(wherein the state's active participation in the underlying EEOC investigation was not a declaration of any intent to submit to federal jurisdiction).

[14]Defendants urge dismissal on a number of other grounds including plaintiff's failure to show that LASERS was her employer; and plaintiff's failure to exhaust her EEOC administrative remedies against LASERS and the State before filing suit in this court. To recover under the ADEA, a plaintiff must allege an employment relationship with the defendant. While Dauphin establishes such an employment relationship with the Department of Corrections, she does not do so as to LASERS. With no employment relationship, there is no ADEA claim. *See e.g., Ehret v. State of La.*, 862 F. Supp. 1546, 1549-52 (E.D. La. 1992). Additionally, a plaintiff suing under the ADEA must first exhaust her administrative remedies by filing a charge with the EEOC. *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725 (5th Cir. 2002). The failure to exhaust administrative remedies has been held in this circuit to be a jurisdictional bar to suit. *See Pacheco v. Mineta*, 448 F.3d 783, 788 n. 7 (5th Cir. 2006), *cert denied*, 127 S.Ct. 299 (2006). The court also notes that this is not the proper venue for an action against LASERS. Under La. Code of Civ. P. Art. 84, such actions "shall be brought in the parish of East Baton Rouge or in the parish of the domicile of the retirement system or employee benefit program ." However, the court takes no position on whether the plaintiff can pursue state remedies under La. Rev. Stat. §23:311 *et seq.* for her age discrimination claims in state court.

EPA claim.[15] Therefore, defendants have no Eleventh Amendment immunity as to the EPA. However, the EPA is designed to redress unequal pay based on gender and provides, in pertinent part, that "[n]o employer shall discriminate between employees on the basis of sex by paying wages to employees at a rate less than the rate at which he pays wages to employees of the opposite sex." 29 U.S.C. §206(d)(1). A plaintiff in an EPA case has the initial burden of proving a violation by demonstrating that an employer pays or paid different wages to employees of the opposite sex in an establishment when they are doing equal work on jobs, the performance of which requires equal skill, effort and responsibility under similar working conditions. 29 U.S.C. §206(d)(1).[16] Retirement benefits are included in the definition of "wages" under the EPA.[17]

On its face, the plaintiff's Complaint and "Petition" do not allege the elements of an EPA violation. Paragraph 19 of Dauphin's "Petition," which was filed subsequent to her initial Complaint, simply states:

> Equal work deserves equal pay according to the Federal Equal Pay Act. My retirement benefits will not be equal pay. The Louisiana Department of Labor does not study pay equity based on gender.[18]

---

[15] *Silder-Khodr v. University of Texas Health Science Center San Antonio*, 261 F.3d 542 (5th Cir. 2001), *cert den.*, 537 U.S. 1087 (2002). Further, the EPA does not require exhaustion of administrative remedies. *Stith v. Perot Systems Corp.*, 122 Fed. Appx. 115, 119 (5th Cir. 2005).

[16] *Fallon v. Ill.*, 882 F.2d 1206, 1208 (7th Cir. 1989); *Kennamore v. Alabama A&M University*, 1991 WL 350047 (N.D. Ala), *aff'd*, 946 F.2d 1547 (11th Cir. 1991).

[17] *Weinand v. Department of Veterans Affairs of the State of Ill.,* 2006 WL 1319809 (C.D. Ill. 2006); *see also* 29 C.F.R. §1620.10.

[18] Dauphin also mentions certain amendments to La. Rev. Stat. §11:441, 444, 544 and 605 and La. Rev. Stat 15:574.1, which Dauphin claims provides for additional retirement proceeds for adult probation officers. To the extent that Dauphin is claiming that the Defendants failed to follow this state law, her remedy would be in state court and not in federal court.

Further, while Dauphin alleges an employment relationship with the Department of Corrections, she alleges no such relationship with LASERS.

The court concludes that her claim of an EPA violation does not state a remedy for which relief can be granted under Rule. 12(b)(6).[19]

Considering the foregoing, the court GRANTS the defendants' Motion to Dismiss and finds that the Motion for Reconsideration on Order on Motion to Dismiss is MOOT.  Accordingly, the plaintiff's claims against the defendants are hereby dismissed in their entirety without prejudice to the plaintiff's right to pursue state court remedies.

New Orleans, Louisiana, this   12th   day of February, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[19]Additionally, Dauphin's suit may be too late.  Under the EPA, a plaintiff must file her claim within two years of (three years for willful violations) of the alleged EPA violation.  29 U.S.C. §255(a).